**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH J. LEHMAN, | No.   19-35208 |
| Plaintiff-Appellant, | D.C. No. C17-5962-JPD |
| v. | MEMORANDUM[*] |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted March 4, 2020[**]
Seattle, Washington

Before:  IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Kenneth J. Lehman appeals the denial of disability benefits and social security income under the Social Security Act, 42 U.S.C. §§ 401–434, 1381–1383f. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lehman claims the Administrative Law Judge ("ALJ") erred by discounting his self-reported symptoms. Upon finding malingering, the ALJ is not required to give specific, clear, and convincing reasons for discounting a claimant's testimony. *Benton v. Barnhart*, 331 F.3d 1030, 1040–41 (9th Cir. 2003). Here, the ALJ found that Lehman was malingering and the district court affirmed. This finding is supported by substantial evidence in the record, including opinions from two reviewing psychologists and a Cooperative Disability Investigations Unit investigation report. The ALJ also observed Lehman "intentionally embellishing his symptoms during the hearing" and concluded he had done the same "during his mental health treatment." Therefore, we find no error in the ALJ's treatment of Lehman's subjective testimony.

Lehman also claims the ALJ erred by discrediting his mother's testimony. When an ALJ properly discounts the claimant's testimony and lay witness testimony is substantively similar, the ALJ may use similar reasons to reject the lay witness testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Because Lehman's mother relied on Lehman's subjective self-reports, the ALJ did not err in discrediting her testimony.

Next, Lehman contends the ALJ erred by crediting two reviewing psychologists over an examining physician and an examining psychologist. Opinions from examining sources that conflict with other medical opinions in the

record can be given lesser weight if there are "specific and legitimate reasons supported by substantial evidence in the record for doing so." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quotation marks and citation omitted). Here, the ALJ's treatment of the medical record is supported by substantial evidence. The examining providers relied heavily on Lehman's self-reported symptoms and did not review the investigation report. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (treating provider properly discredited where opinion based "almost entirely on the claimant's self-reporting"). The reviewing psychologists, however, did consider the investigation report and noted that Lehman provided incomplete and incorrect information to his medical providers to obtain disability benefits. Indeed, as noted above, both reviewing psychologists found Lehman was malingering.

Finally, Lehman argues additional evidence that he submitted to the Appeals Council—medical opinions based largely on his subjective self-reporting— undermines the ALJ's findings. We disagree. This new evidence is cumulative and, in light of the finding that Lehman is malingering, does not demonstrate the ALJ's decision is unsupported by substantial evidence.

**AFFIRMED**.